

FILED

07 OCT -1 PM 3: 34

CLERK, U.S. BANKRUPTCY COURT
EASTERN DIST. OF CA.
SACRAMENTO, CA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re:                          )   No. 05-39123-B-7
                                )
                                )
JAMIE HARTLEY and               )   D.C. No. JH-1
CYNTHIA HARTLEY,                )
                                )
          Debtor(s).            )
                                )
                                )
_____ )

## MEMORANDUM DECISION

This case was filed on October 14, 2005.  Debtors received a chapter 7 discharge on February 8, 2006 (Dkt. 13).  The case was closed March 6, 2006 (Dkt. 15).

On September 26, 2007, the debtors filed an ex parte motion to reopen their chapter 7 case without payment of the filing fee to re-open (Dkt. 17) (the "Ex Parte Motion"). The Ex Parte Motion seeks to re-open the closed bankruptcy case for the purpose of amending the schedules to list unnamed creditors whose debts were incurred between December 26, 2005 and April 8, 2006.  Ex Parte Motion, p.1, line 28.

As to the filing fee, debtors have not shown that they are eligible for a waiver.  The court's authority to waive chapter 7 filing fees for individuals is found in 28 U.S.C. § 1930(f). Section 1930(f)(1) states in part that "under the procedures prescribed by the Judicial Conference of the United States, the district court or the bankruptcy court may waive the filing fee

-1-

in a case under chapter 7 of title 11 for an individual <u>if the</u>
<u>court determines that such individual has income less than 150</u>
<u>percent of the income official poverty line (as defined by the</u>
<u>Office of Management and Budget, and revised annually...)</u>
<u>applicable to a family of the size involved</u> and is unable to pay
that fee in installments." (Emphasis added).  In other words, the
court has no authority to waive filing fees where the debtors
have income greater than 150% of the poverty line as defined by
the Office of Management and Budget for a family of the size of
the debtors'.

Here, the only information in the record regarding debtors'
income is found in debtors' Schedule I filed October 14, 2005
(Dkt. 1).  That schedule shows monthly income of $4,277.46.  It
further shows that debtors have five children, for a family of
seven.  In California, 150% of the poverty line for a family of
seven is currently $3,886.25 of monthly income.  Thus, based on
the evidence available to the court, the debtors are ineligible
for a fee waiver.

As to the intention to amend the schedules in this case,
debts that did not arise until after the filing of this
bankruptcy case on October 14, 2005 were not discharged and will
not be discharged in this case, regardless of any amendment to
the schedules.  11 U.S.C. § 727(b).

Further, even if the debts that debtors intend to add to the
schedules had been incurred before this case was filed on October
14, 2005, this case was a "no-asset, no-bar-date-case."
Creditors holding claims otherwise dischargeable by the debtors

-2-

had their claims discharged even though their claims were not
scheduled and even though the omitted creditors had no notice of
the case.   11 U.S.C. § 727(b); 11 U.S.C. § 523(a)(3); <u>Beezley v.
California Land Title Co. (In re Beezley)</u>, 994 F.2d 1433, 1435-
1436 (9th Cir. 1993); <u>White v. Nielsen (In re: Nielsen)</u>, 383 F.3d
922 (9th Cir. 2004).   It is not necessary to re-open the case and
amend the schedules in order to discharge the claims of omitted
creditors who hold claims that were dischargeable in this case.
Any creditor that holds a discharged claim and that attempts to
collect the claim as a personal liability of the debtors violates
the discharge injunction of 11 U.S.C. § 524(a)(2).

Second, if one or more of the omitted creditors holds a
claim that is excepted from discharge by 11 U.S.C. § 523(a)(2),
(4), or (6), and that creditor did not have actual knowledge of
the bankruptcy petition in sufficient time to file a timely
dischargeability complaint, the claim is non-dischargeable.   11
U.S.C. § 523(a)(3)(B).   Amending the schedules will not change
this result.

In short, re-opening the case to permit the amendment of the
schedules will have no effect whatever.

For the foregoing reasons, the Ex Parte Motion is denied.

A separate order will be issued.

Dated:   **OCT -1 2007**

Thomas C. Holman
United States Bankruptcy Judge

-3-

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

Jamie Hartley
712 W Onstott Rd #127
Yuba City, CA 95993

Cynthia Hartley
712 W Onstott Rd #127
Yuba City, CA 95993

Office of the U.S. Trustee
501 I St #7-500
Sacramento CA 95814

Michael P. Dacquisto
PO Box 992631
Redding, CA 96099

DATED: 10|02|07          By: _____
                              Deputy Clerk

EDC 3-070 (New 4/21/00)